AO 91 (Rev. 12/93) Criminal Complaint

## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

v.

Criminal Complaint

CASE NUMBER:  08- **63M**

KENNETH YOUNG,
    Defendant

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my

knowledge and belief. On or about _March 23, 2008,_ in the District of Delaware, Defendant KENNETH YOUNG did

knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Securities Instrument of

America 38 Special, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one

year, in violation of Title _____ 18_____ United States Code, Section(s) _922(g)(1) and 924(a)(2)._

I further state that I am sworn as a _Special Deputy U.S. Marshal and am assigned to the ATF_

and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

David Rosenblum
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

March 24, 2008                                        at       Wilmington, DE
Date                                                          City and State

Honorable Mary Pat Thynge
United States Magistrate Judge
Name & Title of Judicial Officer                             Signature of Judicial Officer

AFFIDAVIT OF PROBABLE CAUSE: ATF Task Force Officer and Special Deputy U.S Marshal David C. Rosenblum

Your affiant Detective David C. Rosenblum has been a Wilmington Police Officer for approximately 9 years and is currently assigned as a Task Force Officer (TFO) with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), whose duties include the investigation into firearms offenses committed in Wilmington, Delaware. Your Affiant has been authorized to seek and execute arrest and search warrants supporting a federal task force through Deputization by the United States Marshal's Service. During this Officer's employment as a Law Enforcement Officer, Your Affiant has authored in excess of 400 felony arrests warrants for crimes, some of which involved illegal narcotics and firearms. Prior to Your Affiant's current assignment , this Officer was assigned to the Wilmington Police Drug, Organized Crime, and Vice Division, Operation Safe Streets Task Force where your affiant has conducted over an estimated 1000 investigations into illegal narcotics and/ or firearms offenses whereby, this Officer seized numerous weapons along with large amounts of narcotics and suspected drug proceeds. During Your Affiant's tenure as a Law Enforcement Officer, Your Affiant has received over 275 days of training from the DOJ, FBI, ATF, DEA, DSP, WPD, DOC, Royal Canadian Mounted Police, North East Counter Drug Training, Homeland Security, California Highway Patrol and other law enforcement agencies. Your Affiant has been qualified in Delaware Superior Court to provide expert testimony on the intent to distribute controlled substances and has testified as an expert in approximately 15 felony drug trials. During the course of previous investigations, Your Affiant has had conversations with federal agents and law enforcement officers with knowledge and/ or expertise in firearms offenses dealing with interstate nexus of firearms crossing state lines thereby affecting interstate commerce.

1.  Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and conversations with other Wilmington Police Officers.

2.  The events stated below occurred on or about 23 March 2008, in the City of Wilmington, State and District of Delaware, as stated to me by the Wilmington Police Detective assigned to the investigation as well as an officer directly involved in the original incident.

3.  Your affiant learned from the above Wilmington Police Detective the following. A patrol officer was in the area of 5th and Clayton Streets and heard approximately 8 shots fired in the area. That patrol officer reported that he observed 2 black males running to a parked Cadillac in the area and after entering the vehicle they drove away from the area. The officer described the mannerisms of the individuals as suspicious as they ran to the vehicle. That patrol officer further reported that no other individuals or vehicles were observed in the area at that time. After following the vehicle for several blocks awaiting for sufficient back up, patrol officers conducted a vehicle stop in the area of 4th and Jackson Streets.

4.  Your Affiant spoke with an officer who was at the scene of the motor vehicle stop and learned the following. Upon initial approach to the driver side of the vehicle, that officer reported observing a silver plated revolver in plain view on the center console near the gear shifter. Both the driver identified as Kenneth Young (the defendant) and the passenger were removed from the vehicle and taken into custody. At that time a second firearm which was later described as a 45 caliber semi-automatic firearm in plain view was located on the passenger floorboard.

5.  Your Affiant was advised by the above listed Wilmington Police Detective that around the same time that the motor vehicle stop occurred, other assisting patrol officers reported that they discovered a shooting victim with minor injuries located in the area of 3rd and Clayton Streets. Spent 45 caliber casings were located on the ground in the vicinity of the shooting victim. Your Affiant knows from experience that 3rd and Clayton Street is approximately 2 to 3 blocks away from 5th and Clayton Streets where officers heard shots being fired.

6.  Your Affiant was advised by the investigating detective that Wilmington Police Evidence Detection Unit Detectives responded to the area of the vehicle stop and recovered two firearms from the vehicle. Your Affiant attempted to contact the seizing detective who was unavailable at that time. Your Affiant did contact another EDU detective who was able to describe the firearms below. The firearm located on the center console is described as a Securities Instrument of America 38 Special, serial number 04997 and was found to have 5 spent rounds in the cylinder. The firearm located on the passenger floorboard is described as a Ruger P90 with an obliterated serial number. There was 1 live round found next to the gun on the floorboard and a second live round located on the ground just outside of the passenger door. Other evidence recovered was 1 brass 45 spent casing located in the 1600 block of West 5th Street from where the shots were heard. The reporting officer advised the firearm appeared operable and in working order.

7.  Your Affiant reviewed the Delaware Justice Information System Database (DELJIS) and verified the defendant has two Felony Convictions as an adult to include a Possession With Intent to Deliver a Schedule II Narcotic and an Assault II on or about 5/26/04 and 6/27/03 respectively; both in New Castle County Superior Court and Your Affiant knows that both convictions are punishable by imprisonment for a term of exceeding 1 year.

8.  The investigating detective also advised the following. State charges were filed in Justice of the Peace Court 20 alleging firearms offenses against the passenger who did not have a prior felony conviction, but is a person prohibited from possessing a firearm under Delaware state law. In furtherance of this investigation, the investigating detective executed search warrants at both the residence occupied by YOUNG and the residence of the passenger. Pursuant to the search warrants, the investigating detective recovered: a) drug paraphernalia in YOUNG's residence, and b) 38 caliber and 45 caliber ammunition in the passenger's residence.

9.  From my training and experience, and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant believes that the above described weapon is a firearm as defined in 18 U.S.C., Chapter 44, Section 921(a)(3) and was manufactured in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate or foreign commerce.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated:(1) 18 U.S.C. 922(g) , by possessing in and affecting interstate or foreign commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year, and respectfully requests that the Court issue a Criminal Complaint charging this offense.

David C. Rosenblum
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 24 day of March 2008

The Honorable Mary Pat Thynge
United States Magistrate Judge