AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

UNITED STATES OF AMERICA
v.
_____Kenneth Young_____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 08-63M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.
Defendant is charge with felon in possession of a firearm in violation of 18 USC § 922(g) and 924 (a) for which probable cause was found as a result of a preliminary hearing.

FILED
APR 1 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X  clear and convincing evidence  ☐ a preponderance of the evidence: In analyzing the factors in 18 USC § 3142(g), the court finds that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community. Therefore, detention is warranted for the following reasons:
**Nature of the Offense:** The offense falls within the more serious category, defendant, having been convicted of prior felonies was in possession of a weapon.
**Strength of the Evidence:** A witness for the government, testified consistent with his affidavit made in support of the criminal complaint. As a result, he identified defendant as the individual who admitted to and was observed with a firearm.
**Characteristics of Defendant:** Although defendant is a life long resident of DE and recently laid off from his employment which he has held since February 2007, and has a fairly stable residence, his criminal history is very problematic. As a juvenile, he was found guilty of possession of a narcotic substance with intent to deliver. this conviction occurred at age 16 years. In January 2003, he entered a guilty plea to possession of a narcotic scheduled I substance which had been pled down from numerous other offenses. In June 2003, he pled guilty to assault 2d which involved hitting a man in the head with a bottle for failing to pay a drug debt. The remaining drug and weapons charges were dismissed for that plea. For that offense he was found in VOP in May 2004, October 2005 and March 2006. The VOP in May 2004 resulted from his conviction for possession with intent to deliver a narcotic schedule II substance. Again because of that plea, the companion drug offenses were dismissed. He was found in VOP for that offense on February 2005, May 2005 and March 2006. At the time of his arrest, defendant had pending as of November 2007 (while he was employed) possession of MJ and possession with intent to deliver. Despite his stability of employment and residence, neither has resulted in a subsiding in defendant's drug history which raises the suspicion of why he felt compelled or needed to possess a firearm
He has a number of FTAs for Alderman's Court, JP Court 20 and the Superior Court.

AO 472 (Rev. 3/86) Order of Detention Pending Trial
*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).